UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONDRA DEE CAIRO WOLFE,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | No.  2:15-cv-0942 AC<br><br>**ORDER** |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-34.[1]  For the reasons that follow, plaintiff's motion for summary judgment will be granted, and defendant's cross-motion for summary judgment will be denied.  The matter will be remanded to the Commissioner for further proceedings.

////

////

---

[1] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability.  42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986).

1

## I. PROCEDURAL BACKGROUND

Plaintiff protectively filed an application for DIB on June 8, 2011.[2] Administrative Record ("AR") 12 (Decision).[3] The disability onset date was alleged to be June 3, 2010. Id. The application was disapproved initially and on reconsideration. Id. On June 11, 2013, ALJ William Thompson, Jr. presided over the hearing on plaintiff's challenge to the disapprovals. AR 32-56 (transcript). Plaintiff was present and testified at the hearing, and was represented by her attorney, Shellie Lott. Lorian Hyatt, a Vocational Expert ("VE"), also testified at the hearing.

On August 30, 2013, the ALJ found plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d). AR 12-21 (decision), 22-25 (exhibit list). On March 25, 2015, after receiving a Representative Brief as an additional exhibit, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-4 (decision and additional exhibit list).

Plaintiff filed this action on April 30, 2015. ECF No. 1; see 42 U.S.C. § 405(g). The parties consented to the jurisdiction of the magistrate judge. ECF Nos. 8, 9. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 14 (plaintiff's summary judgment motion), 16 (Commissioner's summary judgment motion), 18 (plaintiff's reply).

## II. FACTUAL BACKGROUND

Plaintiff was born on September 1, 1962. AR 19. Plaintiff worked as a kitchen manager from 2000 to 2010, and as a home attendant before that. AR 19, 47, 247. Plaintiff was, at age 47, a "younger person" under the regulations, when she filed her application for DIB.[4] AR 19. Plaintiff has a limited education, and can communicate in English. AR 19.

## III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is

---

[2] To qualify as an effective claim, an application for DIB must be submitted on a prescribed form. 20 C.F.R. § 404.610. However, a written statement indicating a person's intent to claim benefits can, if it meets certain requirements, establish a "protective" filing date. Id. § 404.630.
[3] The AR is electronically filed at ECF Nos. 13-3 to 13-9 (AR 1 to AR 551).
[4] See 20 C.F.R. § 404.1563(c) ("younger person").

supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted). Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. SSA, 466 F.3d 880, 885 (9th Cir. 2006)

(quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV.  RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled."  42 U.S.C. §§ 402(d)(1)(B)(ii) (DIB), 1381a (SSI).  Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'"  Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI).  The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.

20 C.F.R. § 404.1520(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, the claimant is not disabled.

Id. §§ 404.1520(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is disabled.  If not, proceed to step four.

Id. §§ 404.1520(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.

Id. §§ 404.1520(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Id. §§ 404.1520(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V.  THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2015.
>
> 2. [Step 1] The claimant has not engaged in substantial gainful activity since June 3, 2010, the alleged onset date (20 CFR 404.1571 *et seq.*).
>
> 3. [Step 2] The claimant has the following severe impairments: arthritis of the bilateral knees; lumbar sprain/strain; obesity; and depression (20 CFR 404.1520(c)).
>
> 4. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> 5. [Residual Functional Capacity ("RFC")] After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant has the ability to lift or carry up to 20 pounds occasionally and up to 10 pounds frequently; stand or walk in combination for approximately 6 hours per 8 hour work day, and sit for approximately 6 hours per 8 hour work day. The claimant can occasionally perform all postural activities but can never climb ladders, ropes or scaffolds. The claimant is limited to work involving simple instructions.
>
> 6. [Step 4] The claimant is unable to perform any past relevant work (20 CFR 404.1565).
>
> 7. [Step 5] The claimant was born on September 1, 1962 and was 47 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. The claimant subsequently changed age category to closely approaching advanced age (20 CFR 404.1563).

////

       8. [Step 5, continued] The claimant has a limited education and is able to communicate in English (20 CFR 404.1564).

       9. [Step 5, continued] Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

       10. [Step 5, continued] Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

       11. The claimant has not been under a disability, as defined in the Social Security Act, from June 3, 2010, through the date of this decision (20 CFR 404.1520(g)).

AR 14-20 (excerpted).

As noted, the ALJ concluded that plaintiff was "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d). AR 21.

## VI. ANALYSIS

Plaintiff argues that the ALJ erred by rejecting the opinions of two treating doctors and two reviewing doctors, who all concurred that plaintiff was limited to sedentary or less than sedentary work, and finding to the contrary that plaintiff could engage in light work. Plaintiff requests that the matter be remanded to the Commissioner for additional proceedings.[5]

    A. <u>Treating Doctors</u>

"To reject [the] uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence." <u>Ryan v. Comm'r of Soc. Sec.</u>, 528 F.3d 1194, 1198 (9th Cir. 2008) (internal quotation marks omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence") (internal quotations marks omitted). <u>Id.</u> However, the ALJ "need not accept the

---

[5] Plaintiff also seeks remand for further proceedings on the grounds that the ALJ improperly discredited plaintiff's testimony. Since the court will remand on other grounds, this issue is not addressed.

6

opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009) (internal quotation marks omitted).

   1. Treating Doctor – Lyudmila V. Salomalina, M.D.

Lyudmila V. Salomalina, M.D., was a treating doctor.[6] On December 3, 2012, Dr. Salomalina examined and treated plaintiff and found that she had "tenderness and spasm of her paralumbar area." ECF No. 14-1 at 11 (citing AR 546).[7] Dr. Salomalina diagnosed plaintiff with back pain and depression. ECF No. 14-1 at 11. On March 4, 2013, plaintiff "reported" to Dr. Salomalina that she had "back and bilateral knee pain as well as depression." Id. (citing AR 545-46). Dr. Salomalina prescribed medications. Id. Also on March 4, 2013, Dr. Salomalina completed a one-page "Medical Opinion Regarding Physical Capacity for Work," which was a check-off form. AR 474. Dr. Salomalina indicated the following "severe" limitations: standing, sitting, lifting, bending, fingering, and reaching. AR 474. As "medical findings" that supported these limitations, Dr. Salomalina listed back pain, joint pain, and left foot pain. Id. Dr. Salomalina concluded that plaintiff is limited to "less than sedentary work." Id.

The ALJ gave this opinion "little weight" because it is "conclusory in nature providing no objective evidence to support [the] opinion." AR 19. This was not error.

The opinion of a treating doctor is generally given special weight – and under certain circumstances, is "controlling" – because a treating doctor is in a unique position to know the plaintiff as an individual, and because the continuity of such a doctor's dealings with plaintiff enhances her ability to obtain a "longitudinal" assessment of plaintiff's problems.[8] See 20 C.F.R.

---

[6] Plaintiff asserts that Dr. Salomalina was a treating doctor, and defendant does not dispute this assertion. The assertion appears to be supported by AR 546, 547, both of which indicate that Dr. Salomalina prescribed medications for plaintiff.

[7] The court is unable to decipher most Dr. Salomalina's handwriting at AR 546 and 547. Defendant does not dispute plaintiff's interpretation of what Dr. Salomalina wrote, and so the court adopts it as accurate.

[8] Also, the court affords greater weight to a treating doctor's opinion "because he is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (internal quotation marks omitted).

§ 404.1527 ("[g]enerally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations").

However, those reasons do not apply to Dr. Salomalina's opinion. As discussed above, Dr. Salomalina examined plaintiff only once, on December 3, 2012. The second time Dr. Salomalina saw plaintiff, there is no evidence that she examined plaintiff, reviewed any laboratory or clinical tests, or did anything other than receive plaintiff's own "report" of her condition, and complete a check-off form. Nothing in the record indicates how Dr. Salomalina even reached most of her diagnoses of plaintiffs' conditions. The court could possibly infer that the diagnosis of back pain was reached after a physical examination, since the doctor reports that plaintiff had "tenderness and spasm of her paralumbar area." However, there is no indication that any examination, or even observation, of plaintiff's joints or left foot was carried out. In addition, Dr. Salomalina does nothing to connect plaintiff's alleged conditions – back pain, joint pain and left foot pain – to the limitations she checked off on the March 2013 form, nor to her conclusion that plaintiff could only do "less than sedentary" work.

Given the conclusory nature of Dr. Salomalina's opinion, and its lack of support, the ALJ did not err in rejecting it:

> Under certain circumstances, a treating physician's opinion on some matter may be entitled to little if any weight. This might be the case, for instance, if the treating physician has not seen the patient long enough to "have obtained a longitudinal picture" of the patient's impairments, 20 C.F.R. § 404.1527(d)(2)(i), offers an opinion on a matter not related to her or his area of specialization, *see id.* § 404.1527(d)(5), and presents no support for her or his opinion on the matter, *see id.* § 404.1527(d)(3).

Holohan v. Massanari, 246 F.3d 1195, 1203 n.2 (9th Cir. 2001).

### 2. Treating Doctor – Joanne Mu Chao, M.D.

Joanne Mu Chao, M.D. is another treating physician, and specializes in orthopedics. AR 319-408. Dr. Chao examined and treated plaintiff, and ordered lab tests, on November 2,

2010, and limited plaintiff to "Sit down work; Patient may stand and walk with cane 5 minutes per hour," through November 30, 2010.  AR 323, 385-90, 405-08.  Dr. Chao examined and treated plaintiff, and ordered lab tests, on November 18, 2010, and limited plaintiff to "Sit down work; Patient may stand or walk with cane 10 minutes per hour," through January 3, 2011. AR 335, 404.  Dr. Chao examined and treated plaintiff on December 14, 2010, and recommended surgery ("knee arthoscopy"), scheduled for December 27, 2010, with an "expected return to usual activities at about 6 weeks post op …."  AR 351.  Dr. Chao examined and treated plaintiff on January 6, 2011, for a "postoperative exam."  AR 356.  She placed plaintiff on "Sit down work; May stand walk 10 minutes at a time with cane," with a return to "full duty" date of February 7, 2011.  AR 358.  Dr. Chao referred plaintiff to physical therapy on January 6, 2011.  AR 361.

The ALJ decision does not mention Dr. Chao, nor any of her opinions, lab tests or clinical findings.  Plaintiff argues that this was error.  ECF No. 14-1 at 14.  Defendant argues that the ALJ was not required to discuss Dr. Chao's opinion because it was "not probative of [plaintiff's] long-term condition and fail[ed] to reflect the effects of the surgery."  ECF No. 16 at 10.  Dr. Chao never opines that plaintiff's limitations – even if measured from the alleged onset date of June 3, 2010 – have lasted more than 12 months or that they are expected to last for 12 months.  See 20 C.F.R. § 404.1509 ("Unless your impairment is expected to result in death, it must have lasted or must be expected to last for a continuous period of at least 12 months.  We call this the duration requirement.").  To the contrary, Dr. Chao's opinion is that plaintiff's impairment was expected to be resolved by February 2011, which is less than 12 months from the alleged onset date of June 3, 2010.  Plaintiff identifies no evidence in the record showing that despite Dr. Chao's expectation, the impairments lasted beyond the 12 month period starting June 3, 2010.

Therefore even if it was error to fail to mention Dr. Chao's opinion, it was harmless error, since this opinion does not provide evidence of plaintiff's disability for a 12 month period (even if combined with other opinions).

### 3. Treating doctor – Robert Walker, D.C.

Plaintiff very briefly mentions that in July 2011, plaintiff "was ordered to remain 'off work.'"  ECF No. 14-1 at 16.  This mention is not connected to any argument plaintiff makes, but

9

plaintiff may mean to argue that this is evidence that plaintiff's limitations continued into July 2011, providing the 12-month period of disability.  Indeed, a treating doctor, Robert Walker, D.C. ("Specialty: Chiropractic"), examined plaintiff on July 8, 2011, and instructed plaintiff to "Remain off-work."  AR 432.  This very general instruction, however, does not provide evidence that any of the specific limitations identified by Dr. Chao (or even by Dr. Salomalina) were still in effect in July 2011.  Rather, this is evidence only that Dr. Walker believed plaintiff could not return to work, which at the time was performed at the "medium" exertional level.  See AR 19 (past relevant work was kitchen manager and home attendant, and both were at the "medium" exertional level).  The ALJ already incorporated this restriction into his RFC, where he found that plaintiff "is unable to perform past relevant work," and that she could only perform work at the "light" exertional level.  AR 19.

The ALJ did not err by failing to mention this opinion, since it does not provide evidence of plaintiff's disability.

### B. Reviewing Doctors

On August 4, 2011, P.N. Ligo, M.D., a state agency reviewing doctor, reviewed plaintiff's Medical Evidence of Record ("MER") for the period from November 23, 2009 through June 9, 2011.  AR 59-60.  Dr. Ligo's RFC for plaintiff states that plaintiff can never lift more than 10 pounds, can stand/walk for no longer than 2 hours, has limited left overhead reaching, has limited push/pull capability, must avoid concentrated exposure to extreme cold, and must avoid even moderate exposure to "hazards" such as machinery and heights.  AR 61-63.[9]  On November 30, 2011, on reconsideration, F. Greene, M.D., another state agency reviewing doctor, reached the same RFC for plaintiff.  AR 74-76.

The ALJ gave these opinions "reduced weight" to the extent they conflict with his own RFC, because "these opinions are not based upon direct examination and are inconsistent with the evidence of record as a whole."  AR 19.  On appeal the Commissioner argues that "the ALJ properly discounted" the reviewing doctors' opinions because they "did not have a chance to

---

[9] The ALJ incorporated the remaining limitations into his own RFC.

evaluate Plaintiff personally" and because "the evidence of record as a whole failed to support their opinions." The court rejects the Commissioner's surprising argument that the state agency doctors' opinions should be given "reduced weight" because they are "not based upon direct examination." The Commissioner's own rules require the ALJ to consider the opinion of non-examining state agency doctors, and those rules already account for the fact that those doctors do not have an examining or treating relationship with the plaintiff. The Commissioner's rules provide that "because nonexamining sources have no examining or treating relationship with you, the weight we will give their opinions *will depend on the degree to which they provide supporting explanations for their opinions*." 20 C.F.R. § 404.1527(c)(3) (emphasis added); Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1201 (9th Cir. 2008) (same) (emphasis added).[10] Thus, non-examining physician opinions are weighed according to the degree to which they provide supporting explanations, not according to the fact that they *are* non-examining physicians.[11]

The ALJ also gave the agency doctors' opinions "reduced weight" because they were "inconsistent with the evidence of record as a whole." AR 19. However, the ALJ does not explain what evidence he is referring to. Moreover, the ALJ decision makes no reference to any evidence that would explain why the ALJ's RFC should be accepted over the state agency doctors' RFC. Specifically, it identifies no evidence to support the ALJ's conclusion that plaintiff can lift 20 pounds occasionally, rather than 10 pounds; why plaintiff can walk/stand for 6 hours

---

[10] See also, 20 C.F.R. § 404.1527(e)(2)(ii) ("When an administrative law judge considers findings of a State agency medical or psychological consultant or other program physician, psychologist, or other medical specialist, the administrative law judge will evaluate the findings using the relevant factors in paragraphs (a) through (d) of this section, such as the consultant's medical specialty and expertise in our rules, the supporting evidence in the case record, supporting explanations the medical or psychological consultant provides, and any other factors relevant to the weighing of the opinions").

[11] This would be a very different analysis of the state agency doctors' non-examining opinions if they conflicted with a well-supported treating or examining doctor's opinion. See, e.g., Hill v. Astrue, 698 F.3d 1153, 1160 (9th Cir. 2012) ("Less weight is given to the opinion of a non-examining source than to an examining source. The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician *or* a treating physician.") (citations and internal quotation marks omitted) (emphasis in text). However, as discussed above, the ALJ did not err in rejecting or ignoring the treating doctors' opinions in this case.

rather than 2 hours; why she has no push/pull limitations; why she has no limited overhead reaching with the left upper extremity limitations; and why she has no environmental limitations. Indeed, none of these limitations are discussed in the ALJ's decision except to indicate that they are rejected.

Finally, the ALJ identifies no medical source opinions that contradict the state agency doctors' opinions, nor which state that the limitations the ALJ adopted are correct. Indeed, it is not clear how the ALJ's decision arrived at the RFC it did, given that it fails to discuss, or even identify, any medical source opinion that supports that RFC.

In short, the ALJ erred in rejecting, or giving "reduced weight," to the state agency doctors' opinions. This error is not harmless, because if the ALJ had credited those opinions, plaintiff would not be able to perform the jobs identified by the Vocational Expert that were otherwise available:

> Q [Plaintiff's counsel] If you add to the Judge's hypothetical that the individual could only push and pull with the left, upper extremity occasionally, would have to avoid concentrated exposure to temperature extremes, was limited to occasional, overhead reaching with the left upper extremity and would need to avoid even moderate hazards; does that erode any of the jobs that you provided?
>
> A [Vocational Expert] It would erode all of the jobs that I provided.

AR 54-55.

C. Remand

Plaintiff requests that this matter be remanded to the Commissioner for additional proceedings. ECF No. 14-1 at 23. That is the correct remedy here. Even if the agency doctors are correct about plaintiffs' limitations, it has not been established that there are no jobs available that plaintiff could do, but rather, that she could not do the ones that the Vocational Expert specified at the hearing.[12] Accordingly, the record is incomplete, and the ALJ must be given the

---

[12] If the agency doctors' opinions are correct, plaintiff's RFC is for less than sedentary work. While this "reflects very serious limitations," it "does not necessarily equate with a decision of 'disabled.'" SSR 96-9p, available at 61 Fed. Reg. 34,478, 34,479 (July 2, 1996).

opportunity to determine if plaintiff is disabled, using the correct legal standards, and to engage in further factual development, if needed. See Dominguez v. Colvin, 808 F.3d 403, 410 (9th Cir. 2016).

## VII. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 14), is GRANTED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 16), is DENIED;

3. This matter is REMANDED to the Commissioner under sentence four of 42 U.S.C. § 405(g), for further proceedings consistent with this decision; and

4. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

DATED: September 16, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE